■ STUYVESANT INSURANCE COMPANY, Respondent, v. FIRST NATIONAL CITY BANK, Appellant. — Appeal from order entered on or about December 7, 1964, denying appellant's motion to vacate a judgment, unanimously dismissed, without costs or disbursements. The motion was predicated on the claim that the judgment was invalid since it was based on a decision by the Trial Justice rendered in violation of CPLR 5016 (subd. [d]) after one of the defendants, Holland, had died. The action was by a judgment creditor of defendant Kane to

determine the ownership of a joint bank account maintained in appellant bank in the names of Kane and Holland. Before the trial, the complaint against appellant had been dismissed on appellant's motion. Although defendants Kane and Holland had cross-claimed against appellant, appellant had not answered the cross claims. Appellant took no position at the trial in regard to the respective contentions of Kane and Holland as to their rights in the bank account. The judgment, sought to be vacated by appellant, adjudicates no rights of appellant and is therefore in no way binding on appellant. Hence, appellant has no standing to appeal since no substantial right of appellant is affected by the order appealed from. The real parties in interest, Kane and the estate of Holland, have appealed from the judgment, and the validity of the judgment can be tested on their appeal. We note that in the instant appeal that the estate of Holland was not a party or in any way represented. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.